1  Steven M. Wilker (SBN 150946)
      Email: Steven.Wilker@tonkon.com
2  Maureen S. Bayer (SBN 251990)
      Email:  Maureen.Bayer@tonkon.com
3  TONKON TORP LLP
   1300 SW Fifth Avenue, Suite 2400
4  Portland, OR  97201
   Telephone:  503.221.1440
5        Attorneys for Plaintiff ASC PROFILES LLC

6

7

8                 UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10                   SACRAMENTO DIVISION

11 ASC PROFILES LLC, a Delaware limited       Case No. _____
   liability company,
12                                            **COMPLAINT**
13        Plaintiff,                          **Federal Trademark Infringement;**
                                              **Federal Unfair Competition;**
14     v.                                     **Trademark Infringement Under**
                                              **California Common Law; Unfair**
15 AMERICAN STANDARD COATING LLC, a           **Competition Under Cal. Bus. & Prof.**
   California limited liability company,      **Code § 17200; Unfair Competition**
16                                            **under California Common Law**
          Defendant.
17                                            **DEMAND FOR JURY TRIAL**

18

19

20     Plaintiff ASC Profiles, LLC alleges as follows:

21                       **INTRODUCTION**

22     1.    This is a civil action for infringement of Plaintiff's federally registered trademark

23 under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and for unfair competition and false

24 designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for

25 substantial and related claims of infringement under the statutory and common laws of the state

26 of California, arising from Defendant's unauthorized use of a trademark confusingly similar to

27 Plaintiff's trademark in connection with the marketing and/or selling of goods which are the

28 same or highly related to goods sold by Plaintiff under Plaintiff's trademark.

**PAGE 1 – COMPLAINT**

2.    As set forth below, through Defendant's continuous use of its confusingly similar trademark, Defendant has willfully infringed Plaintiff's federally registered trademarks and unfairly competed with Plaintiff.  These activities will continue unless enjoined by this Court.

3.    Plaintiff seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over Plaintiff's federal claims by operation of 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a) and (b), and over Plaintiff's state law claims pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367 and diversity jurisdiction pursuant to 28 U.S.C. § 1332.

5.    This Court has personal jurisdiction over Defendant because Defendant's principal place of business is in the State; Defendant has distributed, sold, or offered for sale merchandise under the infringing trademark within and into the State; Defendant has engaged in acts or omissions within this state causing injury; Defendant has distributed, sold, or offered for sale products used or consumed within the State in the ordinary course of trade; and Defendant has otherwise made or established contacts within the State sufficient to permit the exercise of personal jurisdiction.

6.    Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant actively conducts business in this judicial District, and a substantial part of the events or omissions giving rise to these claims occurred in this District.

## PARTIES

7.    Plaintiff ASC Profiles, LLC ("ASC Profiles" or "Plaintiff") is a Delaware limited liability company, with its principal place of business at 2110 Enterprise Boulevard, West Sacramento, California.

8.    Upon information and belief Defendant American Standard Coating LLC, aka American Standard Coatings ("American Standard Coatings" or "Defendant") is a California limited liability Company, with its principal place of business at 9631 De Soto Avenue, Chatsworth, California, 91311.

///

**PAGE 2 – COMPLAINT**

**BACKGROUND**

**A.      Plaintiff and Its ASC BUILDING PRODUCTS Mark**

9.      Plaintiff is a manufacturer of premium building materials including metal roofing and siding materials for residential, agricultural, commercial, and industrial buildings.

10.      Plaintiff has continuously used the mark ASC BUILDING PRODUCTS (the "ASC Mark") since at least as early as 2002, and it has never abandoned the ASC Mark.

11.      The ASC Mark has been used by Plaintiff to promote, distribute, and sell its siding, roofing, and building materials across the United States.

12.      Plaintiff prominently displays the ASC Mark in signage, advertising and promotions, correspondence, social media, websites, training materials and programs, promotional and educational displays, targeted outreach campaigns, and on its packaging and products.

13.      Plaintiff's materials bearing the ASC Mark are sold through distributor channels in the residential, agricultural, commercial, and industrial building sectors.  Because of Plaintiff's reliance on its distributors as the ultimate interface with contractors and installers, absolute clarity in branding and affiliation is imperative to avoid consumer confusion.  Some distributors work with thousands of brands, heightening the likelihood of confusion for the distributors, installers, and homeowners as between similar marks.

14.      Plaintiff is the owner of the registered trademarks U.S. Registration No. 2744361 and Canadian Registration No. TMA930607 (the "ASC Registrations").  Attached as Exhibit 1 is a true and correct copy of the registration certificate and maintenance records for Plaintiff's United States Trademark Registration No. 2744361, which was issued by the United States Patent and Trademark Office on July 29, 2003.

15.      Plaintiff's trademark registrations are valid and enforceable, and Plaintiff's United States Trademark Registration No. 2744361 is incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1115.

///

///

**PAGE 3 – COMPLAINT**

16.     As a result of its widespread, continuous, and exclusive use of the ASC Mark to identify its siding, roofing, and building materials and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the ASC Mark.

17.     Plaintiff's ASC Mark is distinctive to distributors, the consuming public, and in Plaintiff's trade.

18.     Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the goods sold under the ASC Mark for over 20 years.  For example, Plaintiff builds brand credibility and demand for its products through direct outreach to contractors and installers, who then purchase Plaintiff's products through select distribution networks.

19.     Plaintiff has established extensive goodwill in the ASC Mark.

20.     The siding, roofing, and building materials Plaintiff offers under the ASC Mark are of high quality.  Plaintiff has been a trusted brand in the industry for over 50 years, specifically using the ASC Mark for over 20 years, and its products are known for their quality, efficiency, reliability, and durability.  Plaintiff's products identified by the ASC Mark are tested and accredited by independent third parties, strengthening the trust and goodwill that distributors and consumers place in Plaintiff and its products.

21.     As a result of Plaintiff's expenditures and efforts, the ASC Mark has come to signify the high quality of the siding, roofing, and building materials designated by the ASC Mark, and has acquired distinction, reputation, and goodwill exclusively belonging to Plaintiff.

## Defendant's Unlawful Activities

22.     Defendant is engaged in promoting, offering for sale, and selling building products including roof coatings and roof systems.

23.     Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protected exclusive rights in its ASC Mark and incontestable rights in United States Trademark Registration No. 2744361, Defendant adopted and began using the

///

**PAGE 4 – COMPLAINT**

1 mark ASC BUILDING MATERIALS (the "Infringing Mark") to promote and sell building

2 products in U.S. commerce.

3     24.    The Infringing Mark adopted and used by Defendant is confusingly similar to

4 Plaintiff's ASC Mark.

5     25.    The ASC Mark and the Infringing Mark are similar with respect to sound,

6 appearance, meaning, and create the same overall commercial impression.

7     26.    The Infringing Mark is nearly identical to the ASC Mark. Specifically, the

8 Infringing Mark wholly encompasses the first two dominant words of the ASC Mark, which

9 form the core of its meaning: both "ASC" and "BUILDING" in the same order.   ASC is an

10 obvious abbreviation, as opposed to a description of any place or product and is therefore

11 distinctive and specific to Plaintiff's products.

12     27.    The different words PRODUCTS in the ASC Mark and MATERIALS in the

13 Infringing Mark have the same meaning and commercial impression when used in connection

14 with roofing materials, building materials, and related goods.  When combined with "ASC

15 BUILDING," any term similar to "products" invites confusion (e.g., materials, supplies, etc.).

16     28.    The products Defendant promotes and sells using the Infringing Mark include, but

17 are not limited to, roofing systems and related products.

18     29.    Upon information and belief, Defendant has been engaged in the manufacture,

19 distribution, provision, advertising, promotion, offering for sale, and sale of roofing products and

20 materials using the Infringing Mark throughout the United States.  Attached hereto as Exhibit 2

21 are true and correct photos and/or copies of representative examples of Defendant's use of the

22 Infringing Mark.

23     30.    Upon information and belief, Defendant has manufactured, distributed, provided,

24 marketed, advertised, promoted, offered for sale, and sold products under the Infringing Mark

25 through the same trade channels as Plaintiff.  By way of example, Plaintiff conducts extensive

26 outreach at distributor tradeshows to connect with contractors and installers.  Defendant uses at

27 least one of the same distribution networks as Plaintiff and, upon information and belief, has

28 appeared at events, in promotion materials, and in training materials through shared

PAGE 5 – COMPLAINT

1  distributor(s).  Defendants' encroachment into Plaintiff's distribution networks is particularly

2  harmful because of Plaintiff's reliance on its distributors to interface with end users.

3    31.    Upon information and belief, Defendant offers and sells its products under the

4  Infringing Mark to the same classes of consumers in the same channels of trade, including those

5  in the building industry for use in residential, commercial, agricultural, and industrial

6  construction.

7    32.    Plaintiff sent Defendant a cease and desist letter on April 23, 2024, requesting that

8  Defendant immediately cease and desist all use of the Infringing Mark in commerce, including

9  on all marketing and advertising materials. Attached hereto as Exhibit 3 is a true and correct

10  copy of Plaintiff's counsel's April 23, 2024 cease and desist letter to Defendant.

11    33.    After reasonable inquiry, Plaintiff has no evidence that Defendant has responded

12  to the demands set out in Plaintiff's counsel's cease and desist letter.

13    34.    Since receiving the cease and desist letter, Defendant's actions have not only

14  continued, but have expanded to additional products and channels.

15    35.    In light of Plaintiff's use of the ASC Mark dating back to as early as 2002, and its

16  federal registration thereof, Plaintiff's ASC Mark clearly has priority over Defendant's use of the

17  Infringing Mark which, upon information and belief, has only been used in the past few years.

18    36.    Defendant's infringing acts as alleged herein have caused and are likely to cause

19  confusion, mistake, and deception among the relevant consuming public as to the source or

20  origin of Defendant's products, and have and are likely to deceive the relevant consuming public

21  into believing, mistakenly, that Defendant's products originate from, are associated or affiliated

22  with, or otherwise authorized by Plaintiff.

23    37.    Defendant's infringing acts have resulted in actual confusion among distributors

24  who carry both Plaintiff and Defendant's products, and among end users like installers,

25  contractors, and homeowners.

26    38.    Upon information and belief, Defendant's acts are willful with the deliberate

27  intent to trade on the goodwill of Plaintiff's ASC Mark, cause confusion and deception in the

28  marketplace, and divert potential sales of Plaintiff's building materials to the Defendant.

**PAGE 6 – COMPLAINT**

39.     Defendant's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

### FIRST CAUSE OF ACTION

**Federal Trademark Infringement**

**(15 U.S.C. § 1114(1) – Lanham Act § 32)**

40.     Plaintiff repeats and realleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

41.     Defendant's unauthorized ruse in commerce of the ASC Mark as alleged herein is likely to cause confusion or to cause mistake or to deceive consumers as to the origin, source, sponsorship or affiliation of Defendant's goods and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is some way affiliated with or sponsored by Plaintiff.

42.     Defendant's use of the ASC Mark constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

43.     Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the ASC Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill, and such conduct is a knowing and willful violation of Plaintiff's rights under 15 U.S.C. § 1114.

44.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff and its goodwill and reputation and will continue to damage Plaintiff and confuse the public unless enjoined by this Court for which Plaintiff has no adequate remedy at law.

45.     As a direct and proximate cause of Defendant's conduct, Plaintiff has suffered damages to its valuable ASC Mark and other damages in an amount to be proven at trial. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and cost of the action under Sections 32, 34, and 35 of the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1117, together with prejudgment and post-judgment interest.

**PAGE 7 – COMPLAINT**

## SECOND CAUSE OF ACTION

### Federal Unfair Competition

### (14 U.S.C. § 1125(a) – Lanham Act § 43(a))

46.    Plaintiff repeats and realleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

47.    Plaintiff's ASC Mark is entitled to protection under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48.    Defendant's unauthorized continued use and promotion of the Infringing Mark, which is confusingly similar to Plaintiff's ASC Mark, to identify Defendant's goods, is willful. Defendant's acts are intended to cause and are likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association between Plaintiff and Defendant's, or as to the origin, sponsorship, or approval by Plaintiff of Defendant's goods.

49.    Defendant's unauthorized continued use of the Infringing Mark constitutes a false description of the origin, false or misleading description of fact, or false or misleading representation of fact as those terms are used in Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.    Defendant's conduct as alleged herein constitutes unfair competition, at least one of direct, contributory, or vicarious liability for unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51.    Plaintiff has been damaged by Defendant's conduct and will suffer irreparable harm.

52.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorney's fees, and the costs of the action under Sections 34, 36, and 43 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, and 1125, together with prejudgment and post-judgment interest.

///

///

///

## THIRD CAUSE OF ACTION

### Trademark Infringement Under California Common Law

53.    Plaintiff repeats and realleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

54.    Defendant's acts alleged herein constitute trademark infringement under California common law.

55.    As alleged herein, Plaintiff owns valid and subsisting common law trademark rights in California to the ASC Mark for siding, roofing, and building materials.

56.    As alleged herein, the ASC Mark is distinctive and potential purchasers in California have come to associate siding, roofing, and building materials sold under the ASC Mark with Plaintiff.

57.    As alleged herein, Plaintiff's use of its ASC Mark predates Defendant's use of the Infringing Mark and has been in continuous use by Plaintiff through the present date.

58.    Defendant's unauthorized use of the Infringing Mark as alleged herein has caused and is likely to continue to cause confusion and deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's products, and is likely to cause consumers to believe, contrary to fact, that Defendant's products are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff, all in violation of Plaintiff's rights under California common law.

59.    Defendant's acts as alleged herein were committed with full knowledge of Plaintiff's prior rights in the ASC Mark, willfully, deliberately, and in bad faith.

60.    Defendant's unlawful conduct as alleged herein is directly and proximately causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to damage Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law.

61.    Plaintiff is entitled to injunctive relief, actual and compensatory damages in an amount to be determined at trial, disgorgement of profits, attorneys' fees, costs, and pre-judgment and post-judgment interest.

**PAGE 9 – COMPLAINT**

1

## FOURTH CAUSE OF ACTION

2

### Unfair Competition under Cal. Bus. & Prof. Code § 17200

3      62.     Plaintiff repeats and realleges, and incorporates by reference, the foregoing

4   paragraphs as though they were fully set forth at length herein.

5      63.     Defendant's actions alleged herein constitute unfair business practices

6   constituting statutory unfair competition in violation of Section 17200 et seq. of the California

7   Business and Professions Code.

8      64.     Defendant's acts of infringement of Plaintiff's ASC Mark in violation of the

9   Lanham Act and/or California statutory and common law, as alleged herein, constitute unlawful

10  business acts or practices in the course of business, trade, or in commerce, in violation of

11  California Business and Professions Code § 17200 et seq.

12     65.     Defendants' unfair business practices are in violation of Section 17200 et seq. of

13  the California Business and Professions Code and will cause substantial injury to Plaintiff.

14     66.     Defendant's conduct is causing irreparable injury to Plaintiff and to its goodwill

15  and reputation and will continue to both damage Plaintiff and deceive the public unless enjoined

16  by this Court. Plaintiff has no adequate remedy at law.

17     67.     Plaintiff is entitled to, among other relief, injunctive relief and restitution, together

18  with prejudgment and post-judgment interest.

19

## FIFTH CAUSE OF ACTION

20

### Unfair Competition under California Common Law

21     68.     Plaintiff repeats and realleges, and incorporates by reference, the foregoing

22  paragraphs as though they were fully set forth at length herein.

23     69.     Defendant's actions and conduct as alleged herein constitute unfair competition

24  under California common law.

25     70.     As alleged herein, Defendant, without authorization, falsely and deceptively used

26  the Infringing Mark in California to advertise and sell its own goods, in violation of Plaintiff's

27  rights under California common law.

28  ///

**PAGE 10 – COMPLAINT**

71.     As a result of Defendant's conduct, as alleged herein, in passing off its products as those of Plaintiff, selling products confusingly similar to those of Plaintiff, and otherwise exploiting Plaintiff's ASC Mark, the public is likely to be deceived about the source of Defendant's products.

72.     Defendants' acts described herein are likely to cause confusion, deception, or mistake, and thereby constitute unfair competition in violation of Plaintiff's rights.

73.     On information and belief, Defendants' acts described herein were willful and committed knowingly to mislead consumers, and with malice, oppression, and/or fraud.

74.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff in the form of lost sales, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

75.     Plaintiff is entitled to, among other relief, injunctive relief, monetary relief, and punitive damages, together with prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant and provide Plaintiff the following relief:

1.     That the Court enter judgment against Defendant and in favor of Plaintiff;

2.     That the Court preliminary and permanently enjoin and restrain Defendant, its officers, directors, agents, employees, and all persons in active concert or participation with Defendant who receive actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing, or abetting any of the following:

        a.     infringing or contributing to the infringement of Plaintiff's ASC Mark;

        b.     engaging in any acts or activities directly or indirectly calculated to infringe on Plaintiff's ASC Mark;

        c.     using, selling, offering for sale, promoting, advertising, marketing or distributing services and/or products, advertisements, or marketing materials that use the Infringing Mark or any mark similar thereto;

**PAGE 11 – COMPLAINT**

1    d.    using any other mark, configuration, or design that is confusingly similar

2    to Plaintiff's ASC Mark; and

3    e.    otherwise competing unfairly or deceptively with Plaintiff in any manner

4    whatsoever.

5    3.    That the Court order Defendant to account for and pay to Plaintiff the damages to

6 which Plaintiff is entitled as a consequence of Defendant's infringement of Plaintiff's

7 ASC Mark, including Plaintiff's actual damages and disgorgement of Defendants' profits;

8    4.    That the Court enter an order placing reasonable but effective restrictions on the

9 future transactions and activities of Defendant so as to prevent fraud on this Court and so as to

10 ensure the capacity of Defendant to pay, and the prompt payment of, any judgment entered

11 against Defendant and for Plaintiff in this action;

12    5.    That the Court award Plaintiff enhanced, treble, and/or punitive damages as

13 provided by statute or common law;

14    6.    That the Court grant Plaintiff its reasonable attorney's fees and the costs of this

15 action, as provided by statute or common law;

16    7.    That the Court grant Plaintiff prejudgment and post-judgment interest; and

17    8.    That the Court award Plaintiff such other and future relief as is just and proper.

18    Respectfully submitted: May 30, 2025.

19                    TONKON TORP LLP

20

21    By:    /s/ Steven M. Wilker

                Steven M. Wilker (SBN 150946)
22                Email: Steven.Wilker@tonkon.com
            Stephanie J. Grant* (OR Bar No. 154957)
23                Email: Stephanie.Grant@tonkon.com
            Maureen S. Bayer (SBN 251990)
24                Email: Maureen.Bayer@tonkon.com
            1300 SW SW 5th Avenue, Suite 2400
25            Portland, OR 97201
            * Pro Hac Vice forthcoming
26
            Attorneys for Plaintiff ASC PROFILES LLC
27

28    040371\09000\18360787v11

**PAGE 12 – COMPLAINT**